Wanamaker, J.
On May 4, 1910, the will of Margaret Hartman was duly probated in the probate court of Knox county, Ohio.
On August 12, 1911, Elizabeth Hazzard, a niece of said Margaret Hartman and a legatee under her will, filed her petition in the court of common pleas of Knox county to contest the validity of said will.
One of the defendants, James A. Kelley, as one of the legatees and as executor, of said will, filed an answer. He pleaded that said Elizabeth Hazzard was estopped from contesting said will, because, first, she consented in writing to its probate, and, second, she accepted and has retained the legacy provided for her in the will.
Elizabeth Hazzard filed a reply, admitting that she had heard the will read and consented in *21 writing to its probate; that she accepted her legacy and receipted for the same; and that she still retains it.
By way of avoidance, she further pleaded that she was not aware of the real conditions of the will; that she was misled by the false representations of James A. Kelley concerning the amount of the estate and the condition of her aunt’s mind; that she tendered back the legacy with interest, on January 24, 1913, after becoming aware of the true condition of the estate and the facts and circumstances surrounding the execution of the will; that the amount of the estate was more than $12,000, and that if said testatrix had died intestate plaintiff would have inherited more than one-half of the same; and that “she now stands ready and willing and offers to pay into court or to said Executor the full amount of said legacy of $800.00 with interest thereon, or is willing to allow said sum as a credit upon the share she is entitled to receive of said estate.”
The defendant James A. Kelley filed a motion in the court of common pleas for judgment on the pleadings, which motion was sustained.
The court of appeals upon error reversed the judgment of the court of common pleas.
Error is now prosecuted to this court for the reversal of the judgment of the court of appeals.
The sole question is upon the pleadings, and boiled down resolves itself into this query: Did Elizabeth Hazzard, by her conduct, estop herself *22 from contesting the will of her aunt, Margaret Hartman ?
The estoppel charged against said Elizabeth Hazzard, whereby it is urged that she forfeited her right to contest the will, is what is known as estoppel in pais, or estoppel by conduct. It is sometimes referred to as equitable estoppel.
Numerous definitions have been given in which more or less loose legal language has been used, tending to confuse rather than clear the fundamental elements of estoppel. Sometimes it has been referred to as a rule of evidence; sometimes a rule of pleading; sometimes a rule of substantive law.
No matter how it may be technically regarded, at the bottom it is a rule administered by courts in the interest of substantial justice. It declares in brief that where one has, by conversation or conduct, induced another to take a certain course of action, either affirmative or negative, to his benefit or- prejudice, said first party will not in good conscience and natural justice be permitted to subsequently, by conversation or conduct, declare the contrary. He is now stopped or prevented from doing the contrary to what he had theretofore done, upon which another party relied, and had good cause to rely, to his pecuniary benefit or prejudice.
Now, what did Elizabeth Hazzard say or do that wrongfully influenced or misled James A. Kelley, either personally or as executor, touching his conduct with reference to the will or estate of Margaret Hartman ?
*23 It is said that Elizabeth Hazzard consented in writing to the probate of the will; that she accepted the legacy under the will; and that, at the time of bringing the action, and for the full two-year period provided by the statute, she retained said legacy. But there is no allegation anywhere in the pleading declaring any prejudice or damage thereby to James A. Kelley or the estate of Margaret Hartman.
It is not pleaded that the estate has been settled; it is not pleaded that Elizabeth Hazzard has spent her legacy and is insolvent, and, therefore, is unable to account for the same. In short, there is not a single averment anywhere in the pleading, counted essential to invoke the right of estoppel, which doctrine, being more or less of a forfeiture, is not favored by the law.
If, however, there be any estoppel in this case, as set forth by the pleadings, it is quite apparent that the shoe is on the other foot, for Elizabeth Hazzard squarely pleads that she was, upon the death of Margaret Hartman, a resident of West Virginia, and had been for some time; that she was unacquainted with the amount of Margaret Hartman’s estate, or as to her testamentary capacity at the time of the making of the will, and that she depended upon the information and representations imparted to her by James A. Kelley; that James A. Kelley falsely and fraudulently represented to her both the amount of the estate and her aunt’s capacity to make a will; that she relied on said representations made by Kelley, which he knew to *24 be false and fraudulent and which were made to Elizabeth Hazzard with the intent to deceive her; and that after learning of the true condition, both as to the estate and the testamentary capacity of Margaret Hartman, she brought the suit and subsequently tendered back the money with interest.
This also falls short of the requirements of estoppel, but approximates it more nearly than the allegations of the defendant Kelley. The tender back was not made until more than two years had elapsed from the date of the probate of the will. Did she forfeit her rights under the statute to contest the will ?
As we have already seen, there is no estoppel pleaded in this case, and forfeitures are not favored in the law, especially where injustice may result.
The statute fixes the time within which an action to contest a will may be brought. Within that statutory period the action was brought. The failure to tender back within the two-year period did not forfeit Elizabeth Hazzard’s right to contest the will..
But it is urged that even if there be no estoppel, it was Elizabeth Hazzard’s clear duty to tender back the legacy before she began her suit, or at least before the expiration of the two years from the probate of the will.
We have already reviewed the circumstances under which this legacy was accepted by Elizabeth Hazzard. She pleads that it was upon the false and fraudulent representations of James A. Kelley; *25 and, for the purposes of the motion and the review thereof, this allegation must be considered as true.
Courts have generally held, and soundly so, that the rule of tender back as to wills does not apply where a, per son acted in ignorance of the will, the amount of the estate, or the testamentary, capacity of the testator, and was induced so to act by the false and fraudulent representations of the executor. Page on Wills, Section 326, and Watson v. Watson, 128 Mass., 152.
There is, however, another well-settled exception to a tender back, and that is where the party chargeable with the tender would, in the event of his prevailing in the suit, receive at least as much as he now has in his possession; for, in such an event, no tender is necessary, as no harm can come either to the estate or to any interested party.
It is urged, however, that there may be in existence other instruments which may later be found to be the last will and testament of said Margaret Hartman in the event that the present probated will shall in the contest proceedings be held for naught, and that, therefore, it cannot be said that Elizabeth Hazzard will, in the event of her success in the contest proceeding, be entitled to as much as or more than she received as a legacy under the will.
This contention is entirely too speculative. More than six years have elapsed since the probating of the will in question, and there is nowhere in the record even a suggestion that there is another paper writing purporting to be such will. And even so, *26 how could it be claimed that Elizabeth Hazzard would not be a beneficiary under such will for an amount equal to the amount of the legacy in the present will? These suggestions only show the remoteness and irrelevancy of the contention. It is not well taken.
The rules of law have as their primal and paramount purpose the working out of justice. If no injustice can result from following a given course, there is neither rhyme nor reason in preventing any person from pursuing his statutory rights through his statutory remedies. Certainly when rules of law are presumably intended to promote justice no good reason can be given as to why a rule of law should be applied to prevent justice.
The question here is, was this the last will and testament of Margaret Hartman ?
That question is still unsettled. The issue, however, is properly raised in the pleadings.
The judgment of the court of appeals remanding the cause to the court of common pleas for trial upon that issue is hereby affirmed.

Judgment affirmed.

Nichols, C. J., Newman, Jones, Matthias, Johnson-and Donahue, JJ., concur.